IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN C. VACA, )<br> Petitioner, )<br> )<br> vs. )<br> )<br>JOHN MARSHALL, Warden, )<br> )<br> Respondent. )<br> ) | No. C 06-5461 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the California Men's Colony in San Luis Obispo, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after trial of second degree murder and attempted murder in Santa Clara County Superior Court and sentenced to a term of 24 years-to-life in state prison. Petitioner appealed his conviction to the California Court of Appeal in 1998. The Supreme Court of California denied Petitioner's petition for review in 2000. Petitioner filed collateral challenges in the state courts between 2002 and 2005. Petitioner filed the instant federal habeas petition on September 6, 2006.

**DISCUSSION**

I       Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II       Legal Claims

The petition alleges that Petitioner suffered ineffective assistance of counsel under the Sixth Amendment based on trial counsel's failure to request an instruction or produce expert testimony on the partial defense of imperfect self-defense and his failure to provide the sanity phase expert witnesses with the audiotape of Petitioner's police interview. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant

1  to a determination of the issues presented by the petition.  If Petitioner wishes to respond
2  to the answer, he shall do so by filing a traverse with the Court and serving it on
3  Respondent within **thirty (30)** days of his receipt of the answer.
4      3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an
5  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing
6  Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court
7  and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
8  days of receipt of the motion, and Respondent shall file with the Court and serve on
9  Petitioner a reply within **fifteen (15)** days of receipt of any opposition.
10     4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
11 the Court informed of any change of address by filing a separate paper captioned "Notice
12 of Change of Address."  He must comply with the Court's orders in a timely fashion.
13 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
14 to Federal Rule of Civil Procedure 41(b)

15     IT IS SO ORDERED.
16 DATED:  2/13/2007

        _____
        JEFFREY S. WHITE
        United States District Judge

3