IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN C. VACA,<br><br>  Petitioner,<br><br>vs.<br><br>JOHN MARSHALL, Warden,<br><br>  Respondent. | No. C 06-5461 JSW (PR)<br><br>**ORDER REGARDING PETITIONER'S STATUS AS A *PRO SE* LITIGANT AND INSTRUCTIONS TO THE CLERK** |

    Petitioner, a prisoner of the State of California, currently incarcerated at the California Men's Colony in San Luis Obispo, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner's mother, Betty Vaca, has made contact with personnel of the Court and has sent several letters to the Court, which the Court Clerk has marked received, but not docketed. These letters, received by the Court on February 21, 2007 and March 7, 2007, include her requests that counsel be appointed to represent Petitioner and that she be sent copies of Court documents, but neither is signed or assented to by Petitioner.

    Subsequent to that letter, Petitioner's mother filed on behalf of Petitioner a response (docket no. 4) to Respondent's motion to dismiss on timeliness grounds, which was filed on April 10, 2007 (docket no. 3) and remains pending. Petitioner has signed a statement regarding the submission in opposition to the motion which states "[i]n reference to my petition that was filed for me by mother on September 6, 2006 in the Northern District Federal courts, I have given my mom, Betty Vaca, my permission to

1  prepare and submit documents . . .in response to respondent[']s response (motion to
2  dismiss.)" *See,* docket no. 4 at 14.  Because Petitioner has signed this acknowledgment,
3  the opposition to the motion is accepted and will be considered by the Court in deciding
4  the merits of Respondent's motion.

5       In her correspondence with the Court and in the response filed in opposition to
6  Respondent's motion, Petitioner's mother informs the Court that Petitioner suffers from
7  mental illness and that due to that fact, his lack of funds for an attorney and his limited
8  access to legal materials due to his incarceration, she has submitted papers on his behalf
9  on this case and in his prior state court litigation.  *See,* docket no. 4.  She states that she
10 has consulted with a habeas corpus book by Professor James Liebman that provides "that
11 a relative, friend, etc., can submit papers to the court for the defendant" and that she has
12 filed papers for Petitioner.  *Id.*  Petitioner's mother has also included a letter from
13 Petitioner to her which she attached to the opposition to the motion, which documents that
14 Petitioner is apparently lucid and able to communicate effectively with her.  *Id.*, Exhibit
15 20.

16      A habeas petitioner has a well-established right to appear on his own behalf.  *See*
17 *Iannaccone v. Law*, 142 F.3d 553, 556 (2d Cir. 1998).  "In all courts of the United States
18 the parties may plead and conduct their own cases personally or by counsel as, by the
19 rules of such courts, respectively, are permitted to manage and conduct causes therein."
20 28 U.S.C. § 1654.  *See Iannaccone*, 142 F.3d at 558.  However, because *pro se* means to
21 appear for one's self, a person may not appear on another person's behalf in the other's
22 cause.  A person must be litigating an interest personal to him.  *See id.*  Further,
23 Petitioner's mother cannot appear as counsel for Petitioner, as she is not an attorney.

24      This does not mean that a *pro se* litigant is required to draft their own papers or that
25 there is any prohibition on a petitioner submitting papers that were prepared by someone
26 else.  The Court will accept documents that Petitioner wishes to submit in his case, as long
27 as he signs each document or acknowledges that he wants it filed on his behalf.  At this
28

1  time, Bryan Vaca remains the Petitioner in this action.

2  In the interest of simplicity, any motions seeking Court intervention must be filed
3  by him or must bear his signature or assent to its submission, such as that which
4  accompanied the opposition to Respondent's motion.  Further, any application requesting
5  relief from the Court must be identified as a motion in the title of the document, next to
6  the title and docket number for the case, C 06-5641 JSW (PR).  This order resolves all
7  pending motions, except the previously-identified motion to dismiss filed by Respondent.
8  The Clerk is directed to send a courtesy copy of this order to: Betty Vaca, 6218
9  Evangeline Drive, San Jose, California, 95123.

10  IT IS SO ORDERED.

11  DATED:  May 7, 2007

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge